UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENZEL SAMONTA RIVERS,

        Plaintiff,

v.                              Case No. 17-cv-1496-pp

DOYAL JOHNSON and
LOISON KAST,

        Defendants.

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APPOINTMENT OF COUNSEL (DKT. NO. 20), DENYING AS UNNECESSARY THE PLAINTIFF'S MOTION TO AMEND/CORRECT THE COMPLAINT (DKT. NO. 21), GRANTING MOTION TO WITHDRAW DECLARATION FOR ENTRY OF DEFAULT (DKT. NO. 27) AND DENYING MOTION TO SUBMIT A MEMORANDUM TO DEFENDANT'S ANSWERS (DKT. NO. 28)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. Dkt. No. 1. On January 8, 2018, Magistrate Judge William Duffin screened the complaint, and allowed the plaintiff to proceed with an Eighth Amendment claim that the defendant showed deliberate indifference toward the plaintiff's suicidal inclinations. Dkt. No. 16. In that same order, Judge Duffin denied without prejudice the plaintiff's motion to appoint counsel, because the plaintiff had not provided evidence showing that he had attempted to recruit counsel on his own. Id. at 6-7.

      On January 22, 2018, the Clerk of Court reassigned the case to this court, because one or both parties had not consented to the magistrate judge

1

making the final decision in the case. The plaintiff then filed a motion asking the court to reconsider Judge Duffin's decision and order denying his motion to appoint counsel, dkt. no. 20, and a motion to amend/correct the complaint, dkt. no. 21.

In the motion to amend/correct the complaint, the plaintiff explains that he wants a jury as well as $95,000 in damages. Dkt. No. 21. There is no need for the plaintiff to file another complaint; the court will construe the plaintiff's motion to amend/correct the complaint as a supplement to his original complaint. The court will deny as unnecessary the plaintiff's motion to amend/correct the complaint.

In his motion to reconsider Judge Duffin's denial of his motion to appoint counsel, the plaintiff argues that on November 2, 2017, he provided the court with the names of three lawyers. Dkt. No. 20. The court never received any document dated November 2, 2017, and—up until it received this motion from the plaintiff—never received any information about any attorneys that he contacted. In this most recent motion, however, the plaintiff does list the names of three lawyers he contacted, dkt. no. 20, and he provided the court with the disbursement receipts that show that he paid for postage to mail letters to these lawyers, dkt. no. 20-1.

The court is satisfied that the plaintiff has made reasonable attempts to secure counsel on his own. It will not, however, appoint counsel at this time. Once the plaintiff makes reasonable attempts to hire counsel, the court must decide "whether the difficulty of the case—factually and legally—exceeds the

particular plaintiff's capacity as a layperson to coherently present it." Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013)( citing Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). The court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff's complaint clearly describes what happened to him and why he believes those events violated his constitutional rights. Although the plaintiff has explained that he suffers from mental health issues, the court has been able to understand what the plaintiff is saying. The plaintiff's ability to tell the court what happened is the most important consideration, because the plaintiff's most useful piece of evidence is his own testimony describing how the defendant treated him. The plaintiff does not need medical experts or strategic lawyering to show that the defendant refused to treat his suicidal thoughts. If, as we move through the case, the legal procedures become more complex, and the plaintiff finds himself unable to make his argument clear, he can renew his motion for the appointment of counsel at that time.

After the plaintiff filed the above two motions, the defendants filed their answer to the complaint. Dkt. No. 23. The court received the answer on March

9, 2018, id.; three days later, the court received from the plaintiff a document entitled "Declaration for Entry of Default." Dkt. No. 24. In this declaration, the plaintiff asserted that more than sixty days had elapsed since the date the defendant was served with the complaint. Id. He asked the clerk to enter default. Id.

The defendants accepted service on January 22, 2018. Dkt. No. 18. The court received their answer on March 9, 2018—forty-six (46) days after they accepted service. The defendants' answer was timely, and default is not appropriate. The plaintiff, however, has since asked the court for permission to withdraw his declaration of default. Dkt. No. 27. The court will grant that motion.

Finally, on March 16, 2018, the court received from the plaintiff a motion to submit a memorandum to the defendant's answer. Dkt. No. 28. The court will deny this motion as unnecessary, for a couple of reasons. First, the plaintiff appears to believe that, in answering the complaint and denying the allegations in that complaint, the defendants were asking the court to dismiss the case. Dkt. No. 28 at 1. The plaintiff is mistaken. By denying the allegations in the complaint, the defendants simply were telling the court that they do not agree with what the plaintiff has alleged. This is not unusual in lawsuits. If everyone agreed with each other about what happened, there would be no need for lawsuits. Once one side (the plaintiff) makes allegations about what happened, and then the other side (the defendants) disagrees, the case is ready to move forward to the next stage.

4

Second, there will come a proper time for the plaintiff to make his arguments as to why he believes that the defendant violated his rights. On March 12, 2018, the court issued a scheduling order (the plaintiff likely had not received that order at the time he filed his motion to submit a memorandum). That order sets deadlines for the parties to exchange information with each other (this is called conducting discovery). During the discovery process, the plaintiff will be able to ask the defendant to answer certain questions about what happened (Fed. R. Civ. P. 33) and will be able to ask the defendant to produce reports or records that resulted from the alleged events (Fed. R. Civ. P. 34).

The scheduling order also sets deadlines for the parties to file "dispositive motions," such as summary judgment motions, or motions to dismiss. The plaintiff can present the court with his version of events, through an affidavit or unsworn declaration under 28 U.S.C. §1746, in response to any motion for summary judgment that the defendant might file.

The deadlines in the scheduling order have not expired. The parties should, right now, be asking each other for discovery information—they have until July 16, 2018 to complete that process. Once they've collected all of the relevant information about the events, either party may file a dispositive motion. The deadline for filing dispositive motions is August 20, 2018. Right now, however, is not the appropriate time in the process for the parties to file memoranda or legal arguments.

Finally, the court notes that on March 16, 2018, the clerk's office received from the plaintiff a request, addressed to clerk of court Steve Dries. Dkt. No. 29. In that request, the plaintiff asked Mr. Dries to tell the plaintiff how he could get an affidavit or a declaration from a witness whose full name the plaintiff does not know (he knows the person's last name and inmate number, but the person is on a different unit than the plaintiff). The plaintiff should be aware that Mr. Dries is not permitted to give parties legal advice, or to tell them how to litigate their cases. The court advises the plaintiff to look at the discovery rules listed above. The purpose of discovery is to allow the plaintiff to ask *the defendants* for information that he needs about the case. He can ask the defendants to answer certain questions (such as asking for the full name of the witness). He can ask the defendants for documents. The court encourages the plaintiff to review the rules, but wants him to know that Mr. Dries cannot give him advice.

The court **DENIES** the plaintiff's motion for reconsideration of the appointment of counsel. Dkt. No. 20.

The court **DENIES** as unnecessary the plaintiff's motion to amend/correct the complaint. Dkt. No. 21.

The court **GRANTS** the plaintiff's motion to withdraw his declaration for entry of default. Dkt. No. 27.

The court **DENIES** as unnecessary the plaintiff's motion to submit a

memorandum to the defendant's answer. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 7th day of May, 2018.

BY THE COURT

_____
**HON. PAMELA PEPPER**
**United States District Judge**