UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENZEL SAMONTA RIVERS,

            Plaintiff,

v.                                         Case No. 17-cv-1496-pp

DOYAL JOHNSON, *et al.*,

            Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 37), DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (DKT. NO. 38) AND DENYING PLAINTIFF'S MOTION CHALLENGING SUFFICIENCY OF AN ANSWER TO INTERROGATORIES (DKT. NO. 39)**

---

On June 18, 2018, the court received from the plaintiff a motion asking the court to extend the deadline for completing discovery. Dkt. No. 37. The motion indicates that while the plaintiff served his interrogatories on April 18, he did not receive responses until June 1, 2018. Id. The court had set a July 16, 2018 deadline for completing discovery, dkt. no. 26; the plaintiff asks the court to extend that deadline by thirty days. The court had told the plaintiff in an earlier order that he could ask for an extension of time if the defendant's delayed response caused any problems in litigating the case. Dkt. No. 36 at 2. Therefore, the court will grant the plaintiff's motion for an extension of time.

Less than a week after the court receive the plaintiff's motion for an extension of time, the court received from the plaintiff a motion for an order compelling discovery. Dkt. No. 38. The plaintiff provides a list of items that he

1

wants the court to compel the defendants to produced. He indicates that he submitted his written request for these documents on May 21, 2018, but that as of the date he signed the motion—June 24, 2018—he had not received the responses. Id. The court will deny this motion, because it is premature and because it does not comply with Civil Local Rule 37.

First, the motion is premature. Fed. R. Civ. P. 34(b)(2)(A) provides that a party who receives a request for production of documents must produce those documents "within 30 days of being served." The plaintiff says that he wrote his written request on May 31, 2018. The plaintiff is incarcerated at Waupun Correctional Institution in Waupun, Wisconsin; the defendants are represented by counsel in Madison, Wisconsin. Assuming that the plaintiff put his requests in the mail the same day that he signed them, it would take them a few days to get from Waupun to Madison—particularly given the prison mail system. Even if the requests somehow made it to the defendants' counsel within a day or so, that means they would have arrived on June 1 or June 2. The defendants then would have had until July 1 or 2, 2018 to provide the documents. On the day the plaintiff signed his motion to compel—June 24, 2018—the defendants' thirty-day period for responding had not yet expired.

Second, the motion does not comply with Civil Local Rule 37. That rule requires that "[a]ll motions to compel disclosure or discover [under] Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain

2

it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." The court realizes that an incarcerated plaintiff cannot simply pick up the telephone and call counsel for the defendants, and perhaps cannot send defense counsel an email. But an incarcerated plaintiff still can make a good-faith effort to try to work out discovery disputes with the other side by writing a letter. If the plaintiff believes that the defendants are not complying with the rules governing discovery, he should write a letter to defense counsel, asking how the parties can work out their differences. He should keep a copy of that letter. That way, if he later is forced to file a motion to compel, he can attach the letter to that motion as his Civil L.R. 37 certification.

The plaintiff currently has more than one case pending before this court. He has filed a number of motions to compel those cases, alleging that various defendants have not timely provided him with discovery, or arguing that he is not satisfied with their responses to his demands. The court encourages the plaintiff to keep in mind, in all his cases, that (a) the defendants have thirty days from the date they *receive* his discovery demands to respond to them, and (b) before he files a motion to compel defendants to comply with discovery demands, he must first make a good-faith effort to find out why the defendants have not complied, or why they have objected to his demands.

Finally, on June 28, 2018, the court received from the plaintiff a document entitled "Motion Challenging Sufficiency of An Answer to

Interrogatories." Dkt. No. 39. In this motion, the plaintiff disagrees with the answers the defendants provided to certain of his interrogatories. The court will deny this motion. The plaintiff has filed a lawsuit, alleging certain facts. The defendants have a right to provide their own version of the facts. It is not surprising that the two sides do not agree on the facts; that is why there are lawsuits. The plaintiff will have opportunities to argue his side of the facts—if the defendants file a motion for summary judgment, the plaintiff will be able to submit proposed findings of fact and arguments to the court. If the defendants do not file motions for summary judgment, the case may proceed to trial, and the plaintiff may argue his version of the facts at that time. Right now, the defendants' obligation is to respond to the plaintiff's discovery demands. It appears that they have done so. That is all that is required.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 37. The court **ORDERS** that the deadline for completing all discovery is **EXTENDED** to the end of the day on **Friday, August 17, 2018**. The court **ORDERS** that any party wishing to file dispositive motions shall do so in time for the court to receive them by the end of the day on **Friday, September 21, 2018**. As stated in the original scheduling order, briefs in opposition to summary judgment are due within thirty days of service of the motion.

The court **DENIES** the plaintiff's motion for an order compelling discovery. Dkt. No. 38.

The court **DENIES** the plaintiff's motion challenging sufficiency of an answer to interrogatories. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 6th day of July, 2018.

**BY THE COURT**

**HON. PAMELA PEPPER**
**United States District Judge**