UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENZEL SAMONTA RIVERS,

                Plaintiff,

v.                                      Case No. 17-cv-1496-pp

DOYAL JOHNSON, *et al.*,

                Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION TO WITHDRAW (DKT. NO. 46) AND DEEMING WITHDRAWN THE PLAINTIFF'S MOTIONS TO COMPEL (DKT. NOS. 43, 44) AND HIS MOTION FOR EXTENSION OF TIME (DKT. NO. 45); DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT NO. 47); DENYING PLAINTIFF'S MOTION FOR DEPOSITION (DKT. NO. 54)**

On July 6, 2018, the court issued an order granting the plaintiff's motion for additional time to conduct discovery. Dkt. No. 40. The court extended the discovery deadline to August 17, 2018. Id.

On August 14, 2018, the court received from the plaintiff two motions to compel—one asking the court to order the defendants to respond to his requests for admissions, dkt. no. 43, and another asking the court to order the defendants to respond to his requests for interrogatories, dkt. no. 44. Three days later, the court received a motion asking the court to extend the discovery deadline because the plaintiff hadn't received the discovery he'd asked the court to compel. Dkt. No. 45.

On August 24, 2018, the court received the plaintiff's motion to withdraw the two motions to compel and the motion to extend the discovery deadline.

1

Dkt. No. 46. He explained that he'd received the discovery he'd requested, so there was no need for the court to compel the defendants to do anything, and no need for an extension of time. Id. The court will grant the plaintiff's motion to withdraw those motions.

The same day the court received the motion to withdraw, it received the plaintiff's second motion asking the court to appoint counsel to represent him. Dkt. No. 47. In this second motion, the plaintiff reiterated that he cannot afford a lawyer, that being in prison impedes his ability to litigate this complex case, that he has limited access to the law library and limited knowledge of the law, and that he continues to struggle with his mental health issues. Id. He also pointed out that the court had set a deadline of September 21, 2018 for the parties to file dispositive motions, and he indicated that this was complex to him. Id.

As the court has explained to the plaintiff twice now, the court has discretion in a civil case to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). The litigant must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once the plaintiff makes reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as

2

"evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court understands that the plaintiff suffers from mental health issues, that he is in custody, that he can't afford to hire a lawyer, and that he does not have much knowledge about the law. But the plaintiff has filed *many* documents over the course of this case. The court has been able to understand every one of them. He has been able to engage in discovery, and has been persistent in pursuing his rights. At this point, the plaintiff needs to respond to the defendant's motion for summary judgment (a motion where the defendant has argued that there are no genuine disputes as to the facts, and that the defendant is entitled to win the case as a matter of law). The court will also extend the deadline for the *plaintiff* to file a motion for summary judgment, if he chooses to file one. It is more common for *defendants* to file motions for summary judgment; plaintiffs don't frequently file such motions. But because the court has not issued this order until the deadline for the plaintiff to file such a motion had passed, the court will give the plaintiff time to think about whether he wants to file such a motion. The court continues to believe that the plaintiff can represent himself.

On September 20, 2018, the court received from the plaintiff a request to allow him to conduct depositions of defendants Johnson and Kast. Dkt. No. 54. He made this request under Fed. R. Civ. P. 30. Id. He asked to conduct the deposition from 8:30 a.m. to 4:00 p.m. at Waupun Correctional Institution. Id. The court will deny this motion. First, a deposition is a form of discovery. The deadline for the parties to complete their discovery was August 17, 2018; the plaintiff's request to take the depositions of the defendants is untimely, because he dated it over a month after the close of discovery. Further, the plaintiff has had the opportunity to ask questions of the defendants, through the discovery process he's already completed. He served them with requests for admissions, which they answered. He also served them with interrogatories, which they answered. He has had his opportunity to ask the defendants whatever he'd like to ask them about his allegations that they did nothing to protect him from harming himself.

Finally, the court is aware that the plaintiff has filed a motion alleging that Waupun has misinterpreted the court's filing fee order, and is illegally computing and deducting his installment fee payments against his filing fee. Dkt. No. 48. The court is considering that motion, and hopes to rule on it shortly.

The court **GRANTS** the plaintiff's motion to withdraw. Dkt. No. 46. The court **DEEMS WITHDRAWN** the plaintiff's motions to compel and his motion for extension of time. Dkt. Nos. 43-45.

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 47.

The court **DENIES** the plaintiff's motion for deposition. Dkt. No. 54.

Dated in Milwaukee, Wisconsin this 2nd day of October, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**