UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENZEL SAMONTA RIVERS,

           Plaintiff,

v.                                                         Case No. 17-cv-1496-pp

DOYAL JOHNSON,
and LOISON KAST,

           Defendants.

---

**ORDER DENYING MOTION TO CEASE FEDERAL
FILING FEE DEDUCTIONS (DKT. NO. 48)**

---

Some time ago, the plaintiff filed a motion asking the court to order the financial department at Waupun Correctional Institution to stop deducting payments for the filing fee for this case from his institution trust account. Dkt. No. 48. The court regrets that it has delayed so long in ruling on that motion, and apologizes to the parties. The court will deny the motion.

On January 8, 2018, Judge Duffin granted the plaintiff's motion to proceed without prepaying the filing fee, and ordered him to pay the remaining balance of the fee ($343.65) as required under the statute. Dkt. No. 16. The statute—28 U.S.C. §1915(b)(2)—says:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The plaintiff indicated that the Waupun office staff were deducting "20% from funds in [his] account that are LESS than $10.00 being state pay of $3.00 and school pay of $2.70 leaving [him] with only CENTS in [his] account preventing [him] from even ordering hygiene and writing supplies . . . ." Dkt. No. 48 at 1. He says that this forces him to ask for legal loans, which put him in even more debt. Id. He argues that it is illegal for Waupun to make deductions if he has less than $10 in his account. Id. at 1-2.

This is not the first time that a plaintiff has argued that under the language of §1915(b)(2), an institution cannot deduct anything from a prisoner's account to pay the filing feel unless he has more than $10 in his account. Judges in this district and in the Western District have rejected this argument. In Riker v. Carlson, Case No. 10-cv-906, Dkt. No. 45 at 1-2 (E.D. Wis. May 25, 2012) (Goodstein, M.J.), Judge Goodstein explained that the first sentence of §1915(b)(2) requires plaintiffs to make monthly payments of 20% of the previous month's income toward the filing fee, while the second sentence, as a convenience to prison, allowed the prison to wait to send the payments to the court until the payments added up to $10.00 or more. He cited to Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042-43 (E.D. Wis. 2001), in which Magistrate Judge Gorence reached the same conclusion, and Williams v. Litscher, 115 F. Supp. 2d 989 (W.D. Wis. 2000), in which district court judge Barbara Crabb reached the same conclusion. Judge Goodstein found that the second sentence "does not relieve the prisoner of the obligation from the first sentence, which is to make monthly payments of twenty percent of the income

2

credited to his account." Riker at p. 2. Just last year, Judge Stadtmueller said the same thing in Riley v. Franke, Case No. 17-cv-891-JPS, 2017 WL 4712222 at *2 (E.D. Wis. Oct. 18, 2017). Judge Stadtmueller found that the plaintiff's interpretation of the second sentence "would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10 in their accounts." Id. (citing Judge Crabb's decision in Litscher, 115 F. Supp. 2d at 991).

The judges in Wisconsin have interpreted the statute to require the institution to take 20% of the previous month's income from an inmate plaintiff's account each month until the plaintiff has paid the filing fee, but to allow the institution to wait to send in the payments until they amount to $10 or more. This court follows that interpretation, and will deny the plaintiff's motion.

The court **DENIES** the plaintiff's motion to cease federal filing fee deductions. Dkt. No. 48.

Dated in Milwaukee, Wisconsin this 6th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**